LAW OFFICES OF JAMES P. WOHL
James P. Wohl (Bar No. 34866)
Eileen P. Darroll (Bar No. 136998)
1875 Century Park, Suite 1000
Los Angeles, CA 90067
Phone: (310) 557-2349

Attorneys for Plaintiff Bobby Starnes

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| BOBBY STARNES, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| SHAWN J. MCCANN; GIRARDI\|KEESE a law firm, form and entity unknown ; and DOES 1-180, inclusive, | 1. Professional Malpractice<br>2. Breach of Fiduciary Duty<br>3. Breach of Contract |
| Defendants. | |

## COMPLAINT

Plaintiff Bobby Starnes respectfully alleges:

**JURISDICTION**

1. This court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and an amount in controversy greater than $75,000.

**VENUE**

2. Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this complaint happened in this district.

Page 1

COMPLAINT

LAW OFFICES OF
JAMES P. WOHL

## THE PARTIES

3. Plaintiff Bobby Starnes, ("Bobby Starnes") is a Georgia resident.

4. Defendant Shawn McCann ("McCann") is a California licensed attorney in the business of providing legal services as an associate employed by the firm of Banafsheh, Danesh, & Javid PC, with a place of business in City of Beverly Hills, State of California, and formerly employed by defendant Girardi | Keese.

5. Defendant Girardi | Keese ("Girardi") is a California licensed firm of attorneys in the business of providing legal services with a place of business in the City of Los Angeles, State of California.

6. McCann and Girardi are collectively referred to as Defendants unless otherwise stated.

## BACKGROUND OF THE CONTROVERSY

7. By this action, Bobby Starnes seeks damages for the malpractice, breach of fiduciary duty and breach of agreement entered into with Defendants (the "Contract") by which defendants agreed to represent Bobby Starnes as capable responsible lawyers as more fully set forth herein. The legal malpractice of defendants as such attorneys for Bobby Starnes took place in the context of a legal action which had been filed in the Superior Court of the County of San Bernardino on or about June 23, 2011 styled *Starnes v. James Ronald Pollard*, et al, San Bernardino Superior Court Case No. CIVRS 1105986 (the "Underlying Action") and later in an action derivative from the Underlying Action, an adversary proceeding filed by Plaintiff Bobby Starnes against Naveen V. Samuel one of the primary figures in the Underlying Action on or about January 25, 2013, styled *Starnes v. Samuel*, et al, United States Bankruptcy Court Case No. 6:12-bk-33836-MW, Adversary Case No. 6:13-ap-01040-MW (the "Additional Underlying Action," and collectively with the Underlying Action, hereafter, the "Underlying Actions").

8. Defendants held themselves out to have represented Bobby Starnes in the Underlying Actions pursuant to the Contract during the times relevant to this action from in or about May of 2013 until on or about March 3, 2014.

9. During the foregoing representation of Bobby Starnes, Defendants negligently represented Bobby Starnes in the Underlying Action in that, *inter alia*, they failed to adequately investigate, gather, note and/or present, turn over and confirm with Bobby Starnes facts vital to the prosecution of the Underlying Action, and ultimately failed to meet and confer and then to appear at the Additional Underlying Action which failures resulted in adverse rulings of the Bankruptcy court against the interests of Bobby Starnes, including, but not limited to, the dismissal by the Bankruptcy Court of his adversary proceeding against a defendant in the Additional Underlying Action, and ultimately, based thereon, the dismissal of Bobby Starnes's action against that defendant in the Underlying Action itself including the consumer related causes of action in the Underlying Action.

## GENERAL ALLEGATIONS

10. Bobby Starnes is presently unaware of the true names and capacities, whether individual, associate, corporate, or otherwise of Does 1 though 90 or any of them, and therefore sues such persons by such fictitious names. Bobby Starnes will seek leave to amend this Complaint to show the true names and capacities of such fictitiously named persons when the same have been ascertained. Bobby Starnes is informed and believes and thereon alleges that each of the persons designated herein as a DOE is legally responsible in some manner for the acts, omissions, and events alleged herein, and has proximately caused damages and injury to Bobby Starnes as herein alleged.

11. Bobby Starnes is informed and believes and thereon alleges that at all times herein mentioned, each defendant was and now is the agent, servant, employee, co-conspirator, representative and/or alter ego of each of the remaining defendants

COMPLAINT

and, in doing the things hereinafter mentioned, was acting within the scope of his authority as such agent, servant, employee co-conspirator, and/or representative with the permission and consent of the remaining defendants.

## FIRST CAUSE OF ACTION

(Professional Negligence Against Defendants Shawn J. Mccann, Girardi | Keese and Does 1 through 60)

12. The foregoing paragraphs 1-11 are incorporated herein as if fully stated.

13. At all times herein mentioned, and within one year from the date of filing of this action, Defendants were employed as attorneys by Bobby Starnes to manage, advise, and conduct the foregoing litigation matters in the Underlying Action and the Additional Underlying Action, and held themselves out to Bobby Starnes to possess that degree of skill, ethics, ability, and learning common to attorneys in that community with respect to the representation provided to Bobby Starnes.

14. Defendants represented to Bobby Starnes that they had experience, knowledge, training, skill, ability, and ethical standards consistent with the requirements of the practice of law in the State of California in the state and federal courts, and that they could and would perform services for Bobby Starnes in a manner consistent therewith.

15. During the course of their representation in the Bankruptcy Court as a part of the services for which they had been hired by Bobby Starnes, Defendants negligently undertook to prepare for and to meet and confer with opposing counsel in and for the Pre-Trial Conference Order in the Additional Underlying Action, and then, despite their protestations of competence, Defendants failed to appear at the Pre-Trial Conference held on October 3, 2013 where no counsel for Plaintiff arrived prior to the time the Court had granted judgment of dismissal in favor or the

Debtor Samuel in the Additional Underlying Action, which was then utilized to secure dismissal of the Underlying Action in favor of the Debtor Samuel with the net result that both Underlying Actions were dismissed for a defendant whose counterpart Dr. Pollard, in the Underlying Action, offered $100,000 (not accepted) in a Code of Civil Procedure 998 offer to settle his own action. Then, and despite the ethical and professional duties owed to Bobby Starnes, Defendants persisted in attempting to cover up and prevaricate when asked by Bobby Starnes's co-counsel about the incident, as a direct and predictable result of which, the Bankruptcy Court latter refused ot reopen or reconsider the order dismissing the Additional Underlying Action. Despite Bobby Starnes's hiring special bankruptcy counsel and expending resources in the effort of attempting to salvage the matter, the Bankruptcy Court, upon a hearing, determined that the conduct of Defendants was inexcusable and non-defensible.  To compound the damages to Bobby Starnes, not only did defendants attempt to hide their original failures with untrue excuses, refuse to be truthful and assist in the attempt to salvage their acts and misrepresentations, but finally, when asked to cooperate by turning over files and billing records either were late or in total denial of the obligations to cooperate with their client Bobby Starnes. As if to add icing to that cake, Defendants <u>continued to contact Bobby Starnes directly in order to attempt to deflect the responsibility for those acts, even after Defendants had withdrawn from representation and knew that Bobby Starnes was represented by other counsel</u> in violation of duties under the Rules of Professional Conduct of the California Bar. As a result of the acts which typify negligence of the highest order, Bobby Starnes was damaged in an amount to be proven at trial. In the absence of the unprofessional acts, the damage would not have occurred.

16. As a proximate result of the foregoing negligence of Defendants, and each of them, to adequately investigate, gather, note and/or present to the court facts vital

to the prosecution of Bobby Starnes's case in the Underlying Actions Bobby Starnes was subjected to adverse rulings in each of the court and damages therefrom and will suffer future damages in excess of the jurisdictional limits of this Court. Bobby Starnes will seek leave to amend this complaint to state the true amount when ascertained or at trial.

### SECOND CAUSE OF ACTION

(Breach of Contract Against Defendants Shawn J. Mccann, Girardi | Keese and Does 61 through 120)

17. The foregoing paragraphs 1-16 are incorporated herein as if fully stated.
18. Bobby Starnes hereby restates and incorporates by reference paragraphs 1 through 13 above as though set forth in full herein.
19. In or about May of 2013, Bobby Starnes and Defendants, at Los Angeles County, California, entered into the Contract for legal services to be performed by Defendants as attorneys, with Bobby Starnes as client, in the litigation of the Underlying Action, and later the Additional Underlying Action which provides that in return for Bobby Starnes promising to pay the contingency fee charged by defendants for their services and costs advanced or incurred by them on behalf of Bobby Starnes as well as costs and fees of co-counsel, Defendants promised services as lawyers to include research, investigation of facts, drafting of pleadings, discovery and if not earlier settled, trial, as well as any other appropriate activities related to" the Underlying Actions.
20. Bobby Starnes has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Contract except for any which were excused or prevented from being performed by Defendants.

21. Defendants breached the Contract by the foregoing acts and omissions.

22. As a proximate result of the foregoing breaches of the Contract and ethical duties thereunder Bobby Starnes was subjected to adverse rulings in each of the courts and damages therefrom and will suffer future damages in excess of the jurisdictional limits of this Court. Bobby Starnes will seek leave to amend this complaint to state the true amount when ascertained or at trial.

## THIRD CAUSE OF ACTION

(Breach of Fiduciary Duty Against Defendants Shawn J. Mccann, Girardi | Keese and Does 121 through 180)

23. The foregoing paragraphs 1-22 are incorporated herein as if fully stated.

24. By virtue of the relationship as attorney and client, the relationship between Bobby Starnes and Defendants was fiduciary in nature as a matter of law. Defendants thereby owed Bobby Starnes a fiduciary duty to deal with Bobby Starnes with the highest ethics and good faith.

25. By virtue of the foregoing facts, Defendants breached the trust and violated the relationship of by the foregoing acts to Bobby Starnes's prejudice and proximately caused damage thereby in an amount in excess of the jurisdictional limits of this court.

Wherefore, Bobby Starnes prays as follows:

26. Compensatory damages, including general and special damages, according to proof;

27. Interest at the statutory rate from the date of the Defendants bad acts;

28. Any further relief which the court may deem appropriate.

**DEMAND FOR JURY TRIAL**

29. Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: March 2, 2015

LAW OFFICES OF JAMES P. WOHL

By: _____
James P. Wohl
Attorneys for Plaintiff Bobby Starnes

COMPLAINT